# UNITED STATES DISTRICT COURT

__Eastern__ District of __Michigan__

UNITED STATES OF AMERICA
v.
__Alfred Horn__
_Defendant_

ORDER OF DETENTION PENDING TRIAL

Case Number: 13-20297

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- [ ] (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a  [ ] federal offense  [ ] state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - [ ] a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - [ ] an offense for which the maximum sentence is life imprisonment or death.
  - [ ] an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - [ ] a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- [ ] (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- [ ] (3) A period of not more than five years has elapsed since the  [ ] date of conviction  [ ] release of the defendant from imprisonment for the offense described in finding (1).
- [ ] (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- [ ] (1) There is probable cause to believe that the defendant has committed an offense
  - [ ] for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - [ ] under 18 U.S.C. § 924(c).
- [ ] (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- [ ] (1) There is a serious risk that the defendant will not appear.
- [x] (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by [x] clear and convincing evidence  [ ] a preponderance of the evidence that

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

8/14/2013
_Date_

_Signature of Judge_

U.S. Magistrate Judge Mona K. Majzoub
_Name and Title of Judge_

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 _et seq._); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 _et seq._); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

# Alfred Eugene Horn Order of Detention

Defendant's term of supervised release commenced in this Court on 3/28/12. As a mandatory condition of that supervised release he was "not to commit another federal, state of local crime".

On May 17, 2013 Defendant was allegedly involved in new criminal activity with a firearm. Specifically, and according to the police reports, at 2:04 a.m. he was at the Studio 51 Nightclub on 1995 Woodbridge Street in Detroit when he got into a fight with another patron. It appears that alcohol may have been an issue. He went to his car which was parked just outside the club and returned to the club with a semi-automatic handgun. It is reported that Defendant fired the handgun several times, striking three people with his bullets. Defendant was restrained by the club security staff until the police arrived. He was arrested and subsequently charged with three counts of Assault With Intent to Murder. He has remained in the Wayne County Jail on a $500,00 cash/surety bond since his initial arrest.

After Defendant was taken into custody, an arrest warrant was issued in this court for violation of his supervised release. At the state court Preliminary Examination hearing, a witness failed to appear and the charges were dismissed. The charges were re-issued on June 20, 2013 according to the Wayne County Prosecutor assigned to the case. However, the warrant is not currently in the lien system.

Defendant seeks a bond arguing that the facts are complicated and that Defendant did not shoot one of the victims. The Government seeks detention based upon the Defendant's danger to the community. A hearing is scheduled to proceed on the violation matter before Judge Steeh on August 20, 2013.

Notwithstanding the confusion over the issue of whether the case has been reinstated in the state court system, and why the warrant is not in the lien system at this time, the fact remains that Defendant was under the supervision of this Court when he was arrested and charged with a crime of violence, Assault with Intent to Murder, involving the use of a semi-automatic handgun, and possibly alcohol, in the shooting of three adults at a night club in the city of Detroit. This is tantamount to violent and dangerous behavior which puts the community at risk.

The police report and this record present clear and convincing evidence that Defendant is a danger to the community and that there is no condition or combination of conditions that would assure the safety of the community. Therefore Detention is Ordered.